**State of Vermont**
**Superior Court—Environmental Division**

====================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
====================================================================

**49 Tanglewood Final Plan Approval**                         **Docket No. 76-6-12 Vtec**
**(Appeal from Town of Essex Planning Commission decision)**

Title: Appellee's Motion to Strike (Filing No. 7)

Filed: December 5, 2012

Filed by: Appellee Birchwood Land Company, Inc.

Response in opposition and Motion for Enlargement of Time filed on 12/6/12 by pro se
   Appellants' spokesperson Sharon L. Zukowski

___ Granted                    ___ Denied                    _X_ Other

     Currently before the Court is Birchwood Land Company, Inc.'s (Appellee) motion for summary judgment and its motion to strike the pro se Appellants' (Appellants) objection/opposition to its motion for summary judgment. In addition, currently before the Court is Appellants' motion for enlargement of time to file its objection/opposition to Appellee's motion for summary judgment.

     Appellee's motion for summary judgment (Filing No. 5) was served on October 31, 2012. Appellants filed their objection/opposition to Appellee's motion on December 3, 2012, 33 days after the date of service. Appellee filed a motion to strike (Filing No. 7) on December 5, 2012, alleging that Appellants' filing exceeded the deadline of 30 days after service as established by V.R.C.P. 56(b). Finally, on December 6, 2012, Appellants filed an opposition to the motion to strike as well as a retrospective motion for enlargement of time.

     The issues before the Court are thus whether Appellants' objection/opposition to Appellee's motion for summary judgment was in breach of V.R.C.P. Rule 56(b); whether the Court has discretion retrospectively to extend the time for filing an objection to a summary judgment motion; and, if so, whether we should exercise that discretion in this case.

     Appellee contends that, pursuant to the rule in V.R.C.P. 56(b)[1] "a memorandum in opposition to a Motion for Summary Judgment [must be filed] up to 30 days after service of the Motion upon the party" and that, pursuant to that rule "Appellants' Objection/Opposition to Motion for Summary Judgment was required to be filed with the Court on or before November 29, 2012." (Appellee's Motion to Strike at 1, filed Dec. 5, 2012). In addition, Appellee suggests that Appellants' failure to file their objection/opposition to Appellee's motion cannot be due to "excusable neglect" as defined in V.R.C.P. 6(b). By contrast, Appellant suggests that because "the earliest the Appellants could have received the Appellee's Motion for Summary Judgment

---

[1] Appellee refers to V.R.C.P. 56(c)(1) in its Motion to Strike. The Court has assumed that this is a typographical error and that the reference should be to V.R.C.P. 56(b), which deals with time to oppose and file a motion.

would have been November 2, 2012 [this would make] … the 30 days after service, December 3, 2012." (Appellants' Opposition to Motion to Strike at 1, filed Dec. 6, 2012).  In addition, Appellants claim that due to a computer malfunction and an unexpected illness, they could not personally deliver their objection/opposition motion to the Court on November 29, 2012, and instead filed it by mailing, resulting in the documents' arrival at the Court on December 3, 2012.

Generally, proceedings before this Court are governed by the Vermont Rules of Civil Procedure.  V.R.C.P. 56(b) states that "the adverse party may file a memorandum in opposition, statement of disputed facts and affidavits, if any, up to 30 days after the service of the motion upon the party."  V.R.C.P. 6(a) details the computation of time and states, "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the <u>day of the act, event, or default from which the designated period of time begins to run shall not be included.</u>"  (emphasis added).  This is supplemented by V.R.C.P. 6(e), which states that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice . . . <u>and the notice or document is served upon the party under Rule 5(b)(2) or (3), three calendar days shall be added to the prescribed period after that period has been computed.</u>"  (emphasis added).  Rule 5(b)(2) explains that service is permitted to be made, inter alia, by sending the document through ordinary first class mail.

In this case the summary judgment motion was served on October 31, 2012 by Appellee's attorney through ordinary first class mail.  For the purposes of proceedings under the V.R.C.P. 6(a), therefore, October 31, 2012 is not included, and time started to run on November 1, 2012.  The thirtieth day after November 1, 2012 is November 30, 2012.  Pursuant to V.R.C.P. 6(e), however, three calendar days should be added to the prescribed period, because the motion for summary judgment was served by mail, which means that the period for filing an opposition  ended on December 3, 2012. Appellants' opposition to summary judgment  was thus filed in a timely manner on that date.  Appellant's motion for enlargement of time is therefore moot, and this Court will not consider it.

Accordingly, this Court **DENIES** Appellee's motion to strike, and we will consider Appellants' objection/opposition to Appellee's motion for summary judgment.  In light of our decision, any party wishing to file a reply to Appellants' opposition must do so within 10 business days from today.  See V.R.C.P. Rule 78(b)(1).

_____          _____December 14, 2012_____
Thomas G. Walsh, Judge                              Date

=================================================================

Date copies sent: _____                    Clerk's Initials: _____

Copies sent to:

  W. Owen Jenkins, Attorney for Appellee Birchwood Land Co., Inc.
  William F. Ellis, Attorney for Interested Person Town of Essex
  Sharon I. Zukowski, Appellant Spokesperson